Blaisdell v. Rochester, et al.        CV-97-082-M    01/04/99

UNITED STATES DISTRICT COURT

                      DISTRICT OF NEW HAMPSHIRE


George Blaisdell,
      Plaintiff

      v.                                    Civil No. 97-82-M

City of Rochester, New Hampshire;
Gary Stenhouse; Danford J. Wensley;
Donald L. Vittum, and James Twombley,
      Defendants



                          **O R D E R**

      George Blaisdell seeks $21 Million in damages, plus interest
and attorney's fees, for losses and personal injury he claims to
have sustained when the City of Rochester demolished the
structure in which he had been living (after it had been severely
damaged fire).  Among other things, Blaisdell alleges that
defendants conspired to violate the Racketeer Influenced and
Corrupt Organizations Act, 18 U.S.C. § 1962 ("RICO"), violated
his state and federal constitutional rights, and committed
various common law torts.  The background to this dispute, as
well as Blaisdell's factual allegations (gleaned from his
complaint), are set forth in the court's prior order.  See
Blaisdell v. City of Rochester, No. 97-82-M (D.N.H. August 28,
1998).  Accordingly, they need not be recounted again.  In sum,
Blaisdell contends that defendants destroyed his real and
personal property without adequate cause and without providing
him just compensation.

Defendants deny any wrongful conduct and contend that the City, not Blaisdell, holds title to the subject real estate, through a properly recorded tax deed. Moreover, regardless of who owns the disputed property, defendants say that the buildings located on that property were lawfully demolished. Initially, the structures were damaged (beyond the substantial damage caused by the fire) as a necessary part of the Fire Marshall's investigation into the cause of the fire. Following that investigation, and after they were deemed to present a real and present danger to the public, the buildings were demolished.

Defendants move for summary judgment as to count 1 of Blaisdell's compliant, in which he seeks damages pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights to procedural due process and just compensation.[1] Blaisdell claims that defendants failed to comply with the provisions of N.H. Rev. Stat. Ann. ("RSA") ch. 155-B, which establish a procedure by which cities and towns may "order the owner of any hazardous building within the municipality to correct the hazardous condition of such building or to raze or remove the same." RSA 155-B:2. By failing to comply with the provisions of that statute, Blaisdell says defendants deprived him of real and personal property without due process or just compensation in violation of his constitutional rights.

---

[1] Defendants also move for summary judgment as to count 10 of plaintiff's complaint. However, in its order dated August 28, 1998, the court dismissed that count.

2

Defendants seem to suggest that because the City owns the subject property, it was not required to comply with RSA 155-B prior to any demolition. In any event, defendants contend that Blaisdell's due process/unlawful taking claim is barred (or, at a minimum, not yet ripe) because he failed to pursue his state legal or administrative remedies aimed at securing just compensation for his alleged loss. Blaisdell counters that defendants have failed to establish that the State of New Hampshire provides any such legal or administrative remedies.

## Standard of Review

Summary judgment is appropriate when the record reveals "no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When ruling upon a party's motion for summary judgment, the court must "view the entire record in the light most hospitable to the party opposing summary judgment, indulging all reasonable inferences in that party's favor." Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party carries its burden, the burden shifts to the

3

nonmoving party to demonstrate, with regard to each issue on which it has the burden of proof, that a trier of fact could reasonably find in its favor. See DeNovellis v. Shalala, 124 F.3d 298, 306 (1st Cir. 1997).

At this stage, the nonmoving party "may not rest upon mere allegation or denials of [the movant's] pleading, but must set forth specific facts showing that there is a genuine issue" of material fact as to each issue upon which he or she would bear the ultimate burden of proof at trial. Id. (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986)). In this context, "a fact is 'material' if it potentially affects the outcome of the suit and a dispute over it is 'genuine' if the parties' positions on the issue are supported by conflicting evidence." Intern'l Ass'n of Machinists and Aerospace Workers v. Winship Green Nursing Center, 103 F.3d 196, 199-200 (1st Cir. 1996) (citations omitted).

## Discussion

The court (DiClerico, J.) recently addressed the elements of a viable claim, under 42 U.S.C. § 1983, for deprivation of procedural due process.[2]

> To state a Fourteenth Amendment procedural due process
> claim based on the deprivation of a property interest,
> the plaintiff must allege first that it has a property

---

[2] Plaintiff does allege that his rights to substantive due process were violated.

4

interest as defined by state law and second, that the defendants, acting under color of state law, deprived it of that property interest without constitutionally adequate process. To determine whether a constitutional violation has occurred, it is necessary to ask what process the State provided, and whether it was constitutionally adequate. Therefore, to state a viable claim, a plaintiff must allege the unavailability of constitutionally-adequate remedies under state law.

Giant Lift Equip. Manufacturing Co., Inc. v. Town of North Hampton, No. 97-470-D, slip op. at 8 (D.N.H. November 17, 1998) (citations and quotation marks omitted). See generally, Williamson Planning Comm'n v. Hamilton Bank, 473 U.S. 172, 194 n. 13 (1985) ("because the Fifth Amendment proscribes takings without just compensation, no constitutional violation occurs until just compensation has been denied. The nature of the constitutional right therefore requires that a property owner utilize procedures for obtaining compensation before bringing a § 1983 action.") (emphasis in original).

Aside from generally denying that the State of New Hampshire provides him with any legal or administrative post-deprivation remedies by which he might secure just compensation for his alleged loss, Blaisdell has done little to demonstrate that he is without an adequate state remedy. That response is inadequate. As Justice O'Connor observed in her concurring opinion in Hudson v. Palmer, 468 U.S. 517 (1984):

Of course, a mere allegation of property deprivation does not by itself state a constitutional claim under either [the Due Process or Takings] Clause. The

5

Constitution requires the Government, if it deprives people of their property, to provide due process of law and to make just compensation for any takings. The due process requirement means that government must provide to the [claimant] the remedies it promised would be available. Concomitantly, the just compensation requirement means that the remedies made available must adequately compensate for any takings that have occurred. <u>Thus, in challenging a property deprivation, the claimant must either avail himself of the remedies guaranteed by state law or prove that the available remedies are inadequate.</u>

<u>Id.</u>, at 539 (emphasis supplied). Here, Blaisdell has failed to carry that burden. He has neither demonstrated that the State of New Hampshire provides him with no adequate post-deprivation remedy (whether statutorily or at common law) nor has he shown that availing himself of such a remedy would be futile or provide him with inadequate compensation.

## Conclusion

For the foregoing reasons, defendants are entitled to judgment as a matter of law as to Count 1 of Blaisdell's complaint. Their motion for summary judgment (document no. 42.2) is, therefore, granted as to Count 1.

Parenthetically, the court notes that neither party has addressed an issue of apparent significance: who holds legal title to the subject real property? Although the parties have alluded to various state court proceedings in which that issue has been raised, neither has informed the court whether those proceedings have concluded and, if so, how they were resolved.

6

Accordingly, on or before <u>January 29, 1999</u>, plaintiff and defendants shall each file a legal memorandum which addresses in detail (and with appropriate legal and/or factual support) the following issues:

   a.   Whether (and, if appropriate, how) the state court proceedings in which title to the subject property was being litigated were resolved; and

   b.   If those state court proceedings are ongoing, whether the court should abstain or otherwise defer ruling on plaintiff's claims until the underlying dispute concerning title to the subject property is resolved.

Plainly, if the dispute concerning ownership of the real property at issue in this case is subject to either an existing state court order resolving the parties' dispute or ongoing state litigation, this court would seem to be an inappropriate forum in which to also litigate (or re-litigate) it.

After the parties have submitted their legal memoranda addressing the issues identified above, the court will schedule a pretrial conference to address those issues and get this litigation on track for trial.

   **SO ORDERED**

                                        _____
                                        Steven J. McAuliffe
                                        United States District Judge

January 4, 1999

cc:   Matthew Cobb, Esq.
      Donald E. Gardner, Esq.

7